IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

    Plaintiff,

v.                                          Civ. No. 25-1044 GBW

STATE OF NEW MEXICO,
MANUEL ARRIETA and
REBECCA DUFFIN,

    Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *doc. 1*, filed October 20, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, *doc. 3*, filed October 20, 2025 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her average monthly income amount during the past 12 months is $0.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff has no income.

**Order to Show Cause**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff is a party in a case in the Third Judicial District Court. *See* Complaint at 2. Defendants Arrieta and Duffin are judges in the Third Judicial District Court. *See* Complaint at 1–2. Plaintiff asserts claims for violation of her civil rights and

discrimination. *See* Complaint at 3. Plaintiff seeks monetary damages. *See* Complaint at 5.

The Court has identified the following deficiency and orders Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears the Court does not have jurisdiction over Plaintiff's claims against the State of New Mexico:

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). There are no allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply in this case.

Second, it appears the Court does not have jurisdiction over Plaintiff's claims against Defendants Arrieta and Duffin, both of whom are state court judges, in their official capacities:

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Div.*, 179 F. App'x. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.") (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).

Third, it appears Plaintiff's claims against Defendants Arrieta and Duffin in their personal capacities are barred by judicial immunity:

> The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the

4

act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12.

*Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008). There are no allegations in the Complaint showing that the acts of Defendants Arrieta and Duffin were not taken in their judicial capacity or were taken in the complete absence of all jurisdiction.

Fourth, it appears Plaintiff's civil rights claims should be dismissed for failure to state a claim. Plaintiff makes the conclusory allegation that her civil rights were violated but does not clearly describe what each Defendant did to Plaintiff and how those actions violated her civil rights. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.").

Fifth, it appears Plaintiff's discrimination claim should be dismissed for failure to state a claim. Plaintiff makes the conclusory allegation that she "was discriminated [against] for sex, color, origin, et[h]nicity, age." Complaint at 3. The Complaint does not contain any factual allegations supporting her discrimination claim and does not identify any federal statute under which her discrimination claim arises. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual

enhancement . . . we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim."); *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must clearly describe what each Defendant did to Plaintiff and how those actions violated her civil rights.  *See Nasious*, 492 F.3d at 1163.  The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint.  The Court will address service after this Order to Show Cause is resolved.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to

> become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 3*), filed October 20, 2025, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.

Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE