IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

    *Plaintiff*,

v.                                           No. 2:25-cv-01044-DHU-GBW

STATE OF NEW MEXICO,
MANUEL ARRIETA and
REBECCA DUFFIN,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed October 20, 2025 ("Complaint"). Plaintiff is a party in a case in the Third Judicial District Court. *See* Complaint at 2. Defendants Arrieta and Duffin are judges in the Third Judicial District Court. *See* Complaint at 1-2. Plaintiff asserted claims for violations of her civil rights and discrimination. *See* Complaint at 3. Plaintiff seeks monetary damages. *See* Complaint at 5.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

(1)      It appears the Court does not have jurisdiction over Plaintiff's claims against the State of New Mexico based on the State of New Mexico's Eleventh Amendment sovereign immunity;

(2)      It appears the Court does not have jurisdiction over Plaintiff's claims against Defendants Arrieta and Duffin, both of whom are state-court judges, in their official capacities based on the State of New Mexico's sovereign immunity;

> (3) It appears Plaintiff's claims against Defendants Arrieta and Duffin in their personal capacities are barred by judicial immunity.

Order to Show Cause at 3-5, Doc. 5, filed October 28, 2025. Judge Wormuth ordered Plaintiff why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 8. Plaintiff filed an Amended Complaint but did not file a response addressing the issues of lack of jurisdiction based the State's Eleventh Amendment sovereign immunity or judicial immunity. *See* Amended Complaint, Doc. 6, filed November 4, 2025.

Plaintiff has not shown that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). There are no allegations showing that the State of New Mexico has consented to suit in this Court or that Congress has abrogated the State of New Mexico's sovereign immunity.

Plaintiff has not shown that the Court has jurisdiction over Plaintiff's claims against Defendants Arrieta and Duffin, both of whom are state-court judges, in their official capacities.

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits") (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).  Plaintiff references the New Mexico Civil Rights Act and states it "removes qualified immunity [and] allows People to sue Government Employees in a State Court."  Amended Complaint at 2.  The New Mexico Civil Rights Act waives sovereign immunity for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.  *See* N.M.S.A. §§ 41-4A-3(B)[1] and 41-4A-9.[2]  Plaintiff also states the *Ex parte Young* doctrine allows suits for prospective injunctive relief against state officials who are violating federal law.  *See* Amended Complaint at 16-17.  "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official

---

[1] "A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*." N.M.S.A. § 41-4A-3(B) (emphasis added).

[2] "The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action." N.M.S.A. § 41-4A-9 (emphasis added).

3

capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Defendants Arrieta and Duffin are *judicial officers*. "Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable*." *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (quoting *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)) (emphasis added). Plaintiff has not shown that Defendants Arrieta and Duffin violated a declaratory decree or that declaratory relief was unavailable.

Plaintiff has not shown that her claims against Defendants Arrieta and Duffin in their personal capacities are not barred by judicial immunity.

> The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12.

*Stein v. Disciplinary Bd. Of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008). The allegations in the Amended Complaint show that the acts of Defendants Arrieta and Duffin were taken in their judicial capacity and do not show they were taken in the complete absence of all jurisdiction.

The Court dismisses Plaintiff's claims for lack of jurisdiction and as barred by judicial immunity and dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**HONORABLE DAVID H. URIAS**
**UNITED STATES DISTRICT JUDGE**